**FILED**
**CLERK**

1/10/2018 10:49 am

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
STEVEN GEORGILIS,

                Plaintiff,

     -against-

THE LAW OFFICES OF AVRUM J. ROSEN, PLLC,
FRED S. KANTROW, individually, ALLAN B.
MENDELSOHN, individually, THE LAW
OFFICES OF DENNIS J. O'SULLIVAN, P.C.,
DENNIS J. O'SULLIVAN, individually,

                Defendants.
-----------------------------------------------------------------X

**ORDER**
17-CV-5825(JMA)(SIL)

**AZRACK, District Judge:**

      On October 2, 2017, *pro se* plaintiff Steven Georgilis filed an *in forma pauperis* complaint against the Law Offices of Avrum J. Rosen, PLLC, Fred S. Kantrow, individually, Allan B. Mendelsohn, individually, the Law Offices of Dennis J. O'Sullivan, P.C., and Dennis J. O'Sullivan, individually (collectively, "Defendants").  By letter dated November 21, 2017, plaintiff requests that this case be reassigned to a Brooklyn judge because travel to the Central Islip court house presents a "financial hardship" and "logistics nightmare."  (See Letter dated Nov. 21, 2017, ECF No. 8.)  For the reasons that follow, the Court grants plaintiff's application to proceed *in forma pauperis* and *sua sponte* dismisses his claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Plaintiff's request to reassign this case to a Brooklyn judge is denied.

## I.   BACKGROUND[1]

      Plaintiff's complaint is submitted on the Court's general complaint form and is difficult to comprehend.  As the Court can best discern, plaintiff seeks to challenge in this Court conduct of

---

[1] All material allegations in the complaint are assumed to be true for the purpose of this Order. See, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true).

the Defendants in an underlying bankruptcy proceeding in the United Stated Bankruptcy Court for the Eastern District of New York (Central Islip) and assigned Index Number 14-75498 (the "bankruptcy case"). Plaintiff alleges that his claims are brought pursuant to 42 U.S.C. § 1985(2) ("Section 1985") and alleges that the Defendants conspired with each other and the bankruptcy court to violate plaintiff's civil rights. (Compl. ¶ II. A.) For relief, plaintiff seeks to recover a monetary award of $30,500.000. (Compl. ¶ II. B. 3.)

Plaintiff did not fill out the section of the form complaint that calls for a statement of claim. Rather, plaintiff wrote "see pages 10-16 attached." (Compl. ¶ III.) Attached to the complaint is an assortment of exhibits, including an excerpt from Section 1985 and partial transcripts of proceedings from the bankruptcy case. Plaintiff has also included an incoherent four-page, typed "statement of claim" wherein he seeks to challenge actions undertaken during the bankruptcy case.

## II.   DISCUSSION

### A.   *In Forma Pauperis* Application

Upon review of plaintiff's declarations in support of the application to proceed *in forma pauperis*, the Court finds that plaintiff is qualified to commence this action without prepayment of the filing fees. 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's application to proceed *in forma pauperis* is granted.

### B.   Standard of Review

Pursuant to the *in forma pauperis* statute, a district court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the action as soon as it makes such a determination.

*Pro se* submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that *pro se* complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a *pro se* plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

## C. Federal Rule of Civil Procedure 8

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed allegations are not required, "a complaint must contain sufficient

3

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Even after Twombly [and Iqbal], courts remain obligated to construe a *pro se* complaint liberally," but the complaint must include sufficient factual allegations to meet the standard of facial plausibility. See Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) (citations omitted).

**D.     Section 1985**

Section 1985(2) provides:

(2) Obstructing justice; intimidating party, witness, or juror

If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws.

42 U.S.C. § 1985(2). By its terms, Section 1985(2) prohibits conspiracies intended to deter witnesses from participating in state or federal judicial proceedings. In addition, "[a] violated constitutional right is a prerequisite to a claim of conspiracy to violate such right." Mills v. Noonan, 16-CV-00984, 2017 WL 1353479, *10 (W.D.N.Y. Apr. 13, 2017) (citing Curley v. Vill. of Suffern, 268 F.3d 65, 72 (2d Cir. 2001)); Fitzgerald v. City of Troy, N.Y., 10-CV-451, 2012

4

WL 5986547, *23 (N.D.N.Y. Nov. 28, 2012) ("Thus, if a plaintiff cannot sufficiently allege a violation of his rights, it follows that he cannot sustain a claim of conspiracy to violate those rights."); Manbeck v. Micka, 640 F. Supp. 2d 351, 378 (S.D.N.Y. 2009) ("[A] claim of conspiracy to violate a constitutional right cannot be maintained where no constitutional right was violated.") (citing Singer v. Fulton Cnty. Sheriff, 63 F.3d 110, 119 (2d Cir. 1995). Thus, a conspiracy claim under Section 1985(2):

> [R]equires (1) a conspiracy (2) for the purpose of impeding, hindering, obstructing, or defeating in any manner, (3) the due course of justice in any [state court], (4) with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws.

Marshall v. Webster Bank, N.A., No. 3:10-CV-908, 2011 WL 219693 at *9 (D. Conn. Jan. 21, 2011). Claims brought pursuant to Section 1985(2) also "require a showing of class-based invidiously discriminatory animus" on the part of the conspiring parties. Hickey v. City of N.Y., 01-CV-6506, 2004 WL 2724079, at *22 (S.D.N.Y. Nov. 29, 2004), aff'd, 173 F. App'x 893 (2d Cir. 2006); see also Nansaram v. City of N.Y., 12-CV-5038, 2015 WL 5475496, at *14 (E.D.N.Y. July 2, 2015) (report and recommendation) ("To the extent that [the] plaintiff's [§] 1985 claim relies on the second clause of [§] 1985(2), . . . that claim likewise requires discriminatory animus . . . ."), adopted by 2015 WL 5518270 (E.D.N.Y. Sept. 17, 2015). Further, in order to state a plausible claim pursuant to Section 1985(2), plaintiff must "provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end." Kalderon v. Finkelstein, 495 F. App'x 103, 108 (2d Cir. 2012) (quoting Webb v. Goord, 340 F.3d 105, 111 (2d Cir. 2003)).

5

Here, plaintiff provides no facts to support a claim concerning the deprivation of a constitutional right much less any invidious discriminatory animus on behalf of the Defendants. Nor does plaintiff allege a meeting of the minds on the part of any of the Defendants. Affording plaintiff's submission a liberal construction, it appears he seeks to complain that, after his outbursts in open court, the judge presiding over the bankruptcy case admonished plaintiff: "Sir, if you open your mouth and talk, unless I ask you to, you're going to have a bigger problem than you can imagine. So just sit there." (See Transcript dated June 3, 2015, annexed to the complaint at page 17.) As is readily apparent, plaintiff has not alleged a plausible Section 1985 claim. Accordingly, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**D.     Leave to Amend**

A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176 (2d Cir. 2009) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795-96 (2d Cir. 1999) (internal quotation marks omitted)). Indeed, a *pro se* plaintiff who brings a civil rights action, "should be 'fairly freely' afforded an opportunity to amend his complaint." Boddie v. New York State Div. of Parole, No. 08-CV-911, 2009 WL 1033786, at *5 (E.D.N.Y. Apr. 17, 2009) (quoting Frazier v. Coughlin, 850 F.2d 129, 130 (2d Cir. 1988)) (internal quotation marks omitted). Yet while "*pro se* plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." Id. (citations omitted).

Here, the court has carefully considered whether plaintiff should be granted leave to amend his complaint. In light of plaintiff's *pro se* status and in an abundance of caution, plaintiff is afforded an opportunity to amend his complaint in accordance with this Order. Plaintiff's amended complaint must be labeled as an "amended complaint", bear the same docket number as this Order, 17-CV-5825(JMA)(SIL), and shall be filed within thirty (30) days from the date of this Order. Plaintiff is advised that an amended complaint completely replaces the original, so plaintiff must include any allegations he wishes to pursue against the defendants in the amended complaint. Further, if plaintiff does not file an amended complaint within the time allowed, this case will be closed.

**E.     Transfer to Brooklyn**

28 U.S.C. § 1404 governs the change of venue and allows for the transfer to any "district or division" where the action might have been brought. 28 U.S.C. § 1404(a). Transfer under this section is permitted "for the convenience of the witnesses or parties and in the interests of justice." Id. The burden on such a motion is on the party seeking transfer. Longo v. Wal-Mart Stores, Inc., 79 F. Supp. 2d 169, 170-71 (E.D.N.Y. 1999). Although jurisdiction lies in both the Brooklyn and Central Islip courthouses when a matter is properly pending in the Eastern District of New York ("EDNY"), the judges of the EDNY have adopted rules for the internal management of the EDNY's caseload. Those rules, known as the "Guidelines for the Division of Business" (the "Guidelines"), provide for the designation of certain cases as "Long Island Cases." See Guidelines Rule 50.1(d). According to the Guidelines, a civil case is properly designated as a

Long Island Case if "[. . .] a substantial part of the events or omissions giving rise to the claim or claims occurred in Nassau or Suffolk County." Guidelines Rule 50.1(d)(2)(b)(i). The Guidelines allow a party to "move to designate a case as a Long Island Case, or to cancel such designation, on the grounds that such action will serve the convenience of the parties and witnesses or is otherwise in the interests of justice." Guidelines Rule 50.1(d)(3); see Prompt Nursing Employment Agency LLC v. Valdez, 222 F. Supp. 3d 194, 198 (E.D.N.Y. 2016).

Here, plaintiff challenges conduct alleged to have occurred in connection with an underlying bankruptcy case at the Central Islip location of the United States Bankruptcy Court for the Eastern District of New York. Thus, the instant case was properly assigned to the Central Islip courthouse. Upon careful consideration, the Court finds that transfer to Brooklyn would not serve the convenience of the Defendants, most of whom are located within Suffolk County, nor would such a transfer be in the interest of justice. Accordingly, plaintiff's motion to transfer this case to Brooklyn is denied.

## IV.   CONCLUSION

For the forgoing reasons, plaintiff's application to proceed *in forma pauperis* is granted, but the complaint is *sua sponte* dismissed for failure to allege a plausible claim for relief pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff is granted leave to file an amended complaint in accordance with the guidance set forth in this Order within thirty (30) days from the date of this Order. Plaintiff's amended complaint must be labeled as an "amended complaint" and bear the same docket number as this Order, 17-CV-5825(JMA)(SIL). Plaintiff is advised that an amended

complaint completely replaces the original, so plaintiff must include any allegations he wishes to pursue against the defendants in the amended complaint. Further, if plaintiff does not file an amended complaint within the time allowed, this case will be closed.

Plaintiff's application to transfer this case to the Brooklyn courthouse is denied.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated:   January 10, 2018                                       /s/ (JMA)
         Central Islip, New York                             Joan M. Azrack
                                                             United States District Judge